2001 OK CIV APP 12

**Donald Edwin LESTER, Appellant,**

v.

**Frances Kelly POPPER, Appellee.**

**No. 93,824.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Oct. 6, 2000.

B. Davis Sisson Norman, OK, for Appellant.

Scott C. Sublett, Oklahoma City, OK, for Appellee.

CARL B. JONES, Presiding Judge:

¶ 1 Appellant (Father) appeals from an order of an Oklahoma court refusing to take jurisdiction to enforce, vacate or modify a Virginia divorce decree. Such orders are reviewed de novo. *Miller v. Miller*, 1998 OK 24, 956 P.2d 887.

¶ 2 Father and Mother were divorced in Virginia in January, 1999. The parties were granted joint custody of their two minor children with the primary place of the children's residence to be with Mother. Father was awarded reasonable visitation and was ordered to pay support alimony, but no child support. Mother and children moved to Oklahoma in August, 1998. Husband also moved to Oklahoma.

¶ 3 On or about April 15, 1999, Mother and children moved back to Virginia. The next day, on April 16, 1999, Father registered the Virginia divorce decree in Cleveland County, Oklahoma. In July, 1999, Father filed this action seeking to enforce his visitation rights, asking for modification of the joint custody order, seeking to vacate or modify his alimony obligation and seeking a contempt citation against Mother. Mother filed a special appearance objecting to the petition on various grounds. The trial court "overruled" Father's petition/motion/application, effectively dismissing the case. The court concluded that the "proper forum to bring such actions is in Virginia ... which is [the] original decree granting state and where plaintiff [Mother] and minor children presently reside."

¶ 4 Father relies on the Uniform Child Custody Jurisdiction and Enforcement Act, 43 O.S. Supp.1998 § 551–101 et seq., as providing the legal basis for jurisdiction in Oklahoma. Had there been no previous custody determination in Virginia, Oklahoma law would permit our courts to exercise jurisdiction in this situation. That is provided in § 551–201:

"INITIAL CHILD CUSTODY
JURISDICTION

A. Except as otherwise provided in Section 16 of this act, a court of this state has jurisdiction to make an initial child custody determination only if:

1. This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state, but a parent or person acting as a parent continues to live in this state;"

¶ 5 However, as here, where there has been a previous custody determination in another state § 551–203 provides when Oklahoma courts may modify that other state's order:

"JURISDICTION TO MODIFY
DETERMINATION

Except as otherwise provided in Section 16 of this act, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under paragraph 1 or 2 of subsection A of Section 13 of this act and:

1. The court of the other state determines it no longer has exclusive, continu-

ing jurisdiction under Section 14 of this act or that a court of this state would be a more convenient forum under Section 19 of this act; or

2. A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state."

¶6 In other words, the Oklahoma court can modify the Virginia decree if it finds that the children and the parents do not reside in Virginia. The trial court's findings in this regard were alleged in the Father's petition and were undisputed. At the time Father's action was brought, the Mother and the children were living in Virginia. That is sufficient for the Oklahoma court to refuse to take jurisdiction.

¶7 We find no error.

¶8 AFFIRMED.

¶9 GARRETT and BUETTNER, JJ., concur.